Jon A. Birmingham (California Bar 271034)
jbirmi@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
21700 Oxnard Street, Suite 1740
Los Angeles, CA 91367
818.715.7025
818.715.7033 (fax)

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rain Bird Corp.,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>Baseline, Inc.,<br><br>　　　　Defendant. | Case No. 2:14-CV-02431<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Rain Bird Corporation ("Rain Bird") complains against Defendant Baseline, Inc. ("Baseline" or "Defendant") as follows:

### NATURE OF ACTION

This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. The patented technology relates to programmable irrigation controllers and provides a user interface capable of presenting information to a user and allowing programming of the controller in a simple and intuitive fashion. Defendant manufactures and sells irrigation controllers in direct competition with Rain Bird that infringe the patented technology.

### THE PARTIES

1. Plaintiff Rain Bird is a corporation organized and existing under the laws of the

1 State of California.

2. Defendant is a corporation incorporated under the laws of Idaho with its principal place of business at 10259 W. Emerald Street, Suite 160, Boise, Idaho, 83704. Defendant conducts and is doing business in California and in this District, and elsewhere in the United States, including, without limitation, by using, promoting, offering to sell, selling and/or importing, in direct competition with Rain Bird, the irrigation controllers accused herein of patent infringement in this District.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*. The matter in controversy exceeds the sum or value of $75,000. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1338(a).

4. On information and belief, Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the California Long Arm Statute, due at least to its substantial business conducted in this forum, including (i) having solicited business in the state of California, transacted business within the State of California and attempted to derive financial benefit from residents of the State of California, including benefits directly related to the instant patent infringement cause of action set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in the State of California and in this District; and (iii) either alone or in conjunction with others, having committed within this District acts constituting, aiding-abetting, contributing to, or otherwise directly related to the patent infringement cause of action set forth herein.

5. On information and belief, Defendant maintains systematic, continuous and ongoing business operations, including, at a minimum, through distributors, within the State of California and this District, through which Defendant uses, promotes, offers to

sell, sells and/or imports irrigation controllers accused herein of patent infringement.

6. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c), 1391(d) and 1400(b) because Defendant resides in this District by virtue of being subject to personal jurisdiction in the State of California and this District.

### CAUSE OF ACTION: INFRINGEMENT OF THE '750 PATENT

7. Plaintiff hereby repeats and re-alleges the allegations contained in paragraphs 1 to 6 as if fully set forth herein.

8. On April 17, 2012, U.S. Patent No. 8,160,750 ("the '750 patent"), entitled "Programmable Irrigation Controller Having User Interface," a copy of which is attached hereto as Exhibit 1, was duly and legally issued to inventor Steven W. Weiler.

9. On February 16, 2007, Mr. Weiler, Rain Bird's employee, assigned all right, title and interest in and to the '750 patent to Rain Bird, including the right to sue for and recover all damages for infringement of the '750 patent.

10. Rain Bird owns all right, title and interest in and to the '750 patent, including the exclusive right to seek the relief for infringement requested in this civil action.

11. Defendant began making, having made, using, importing, selling and/or offering to sell its BaseStation 1000 controller in or around May 2012, approximately one month after the '750 patent issued. The BaseStation 1000 controller is an irrigation controller with a user interface comprising a language adjustment input of the type covered by the '750 patent. The BaseStation 1000 controller user display comprises a button labeled "Eng/Esp."

12. Defendant itself and/or through its agents and/or business partners has in the past and continues to infringe the '750 patent pursuant to 35 U.S.C. § 271(a) by making, having made, using, importing, selling and/or offering to sell irrigation controllers that are covered by the '750 patent within the United States and within this District. Defendant has been and is engaged in these infringing activities with regard to at least its BaseStation 1000 controller.

13. Defendant's direct infringement has injured Rain Bird, and Rain Bird is entitled to recover damages adequate to compensate for such infringement pursuant to 35 U.S.C. § 284.

14. Unless enjoined by the Court, Defendant will continue to injure Rain Bird by directly infringing the '750 patent.

15. Upon information and belief, Defendant has actual knowledge of the '750 patent.

16. Upon information and belief, Defendant has continued its infringement of the '750 patent notwithstanding its actual knowledge of the same and despite an objectively high likelihood that its actions constituted infringement and that such likelihood was either known or obvious to Defendant.

17. Rain Bird is an industry leader in the field of irrigation. Rain Bird's significant patent portfolio is prominently advertised and well-known in the industry.

18. Defendant's management has years of business and patent experience, including from at least having previous employment at a company with an established patent portfolio and/or the current growing patent portfolio of Defendant.

19. Defendant's infringement of the '750 patent has been and will continue to be willful and deliberate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for:

1. Judgment that the '750 patent is valid, enforceable and infringed by Defendant;

2. Judgment that Defendant's acts of patent infringement are willful;

3. A preliminary and permanent injunction enjoining Defendant, its officers, agents, servants, employees, subsidiaries and affiliates companies and those persons acting in active concert or participation therewith, from engaging in the aforesaid unlawful acts of patent infringement;

4. An award of damages arising out of Defendant's acts of patent infringement,

together with pre-judgment and post-judgment interest;

5. An award of costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.

6. An award of trebled damages in accordance with 35 U.S.C. § 284;

7. Judgment that this case is exceptional;

8. An award of Plaintiff's attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

9. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Rain Bird demands trial by jury of all issues triable of right by a jury.

## RESERVATION OF RIGHTS

Rain Bird's investigation is ongoing and certain material information remains in the sole possession of Defendant or third parties, which will be obtained via discovery herein. Rain Bird expressly reserves the right to amend or supplement the cause of action set forth herein and add additional causes of action, in accordance with Rule 15 of the Federal Rules of Civil Procedure.

| | | |
|---|---|---|
| 1 | Dated: March 31, 2014 | /s/ Jon A. Birmingham |
| 2 | | Jon A. Birmingham (California Bar 271034) |
| | | jbirmi@fitcheven.com |
| 3 | | FITCH, EVEN, TABIN & FLANNERY LLP |
| 4 | | 21700 Oxnard Street, Suite 1740 |
| | | Los Angeles, CA 91367 |
| 5 | | 818.715.7025 |
| 6 | | 818.715.7033 (fax) |

*Attorney for Plaintiff*

Mark W. Hetzler (IL 6217209)
mwhetz@fitcheven.com
Nicole L. Little (IL 6297047)
nlittle@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603
312.577.7000
312.577.7007 (fax)

Steven C. Schroer (IL 6250991)
scschr@fitcheven.com
FITCH, EVEN, TABIN & FLANNERY LLP
1942 Broadway, Suite 213
Boulder, Colorado 80302
303.402.6966
303.402.6970 (fax)

*Of Counsel for Plaintiff*